# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HOMER L. FANCHER,

                    **Plaintiff,**

-vs-                                           **Case No.  6:08-cv-1240-Orl-18DAB**

CAPITAL ONE,

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN FORMA PAUPERIS** (Doc. No. 2) |
| **FILED:** | **July 25, 2008** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be DISMISSED for lack of jurisdiction.**

      Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).  However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district

court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  Upon review, the instant complaint does not allege a non-frivolous cause of action within the Court's limited jurisdiction, and, as such, the motion should be **denied** and the complaint **dismissed**.

The complaint, in its entirety, reads as follows:

[sic]  Capital One is calling me 7 days a week 6 to 12 times a day I'm senting [sic] you a copy's of the statement and the amount they want has payment I cannot and will not pay what they want. I told them I was not working [.]

(Doc. No. 1).

The complaint does not set forth what relief, if any, is sought (although it can be implied that Plaintiff wants Defendant to stop calling him) and Plaintiff does not otherwise identify his cause of action.  While the Federal Rules of Civil Procedure require a short and plain statement of the claim, there must at least be an identifiable *claim.* and the instant complaint, even construed liberally, does not meet that standard.  To the extent Plaintiff wishes to invoke the limited jurisdiction of the Court he must either present a cognizable federal question claim or set forth grounds sufficient to invoke diversity jurisdiction.  The instant complaint does neither.[1]

As it is possible that the complaint could be amended to state a cognizable cause of action within the limited jurisdiction of the Court, it is **respectfully recommended** that the motion be

---

[1]Plaintiff is not a stranger to the pleading requirements of this Court, having filed five prior cases in this division over the years: *see* 6:93-cv-898-GKS (dismissed - pauper motion denied); 6:94-cv-635-PCF (closed for failure to file signed papers); 6:95-cv-730-ACC (dismissed - pauper motion denied); 6:96-cv-745-ACC (dismissed -pauper motion denied); and 6:98-cv-1171 (closed after pauper motion denied).

**denied** and the complaint be **dismissed, without prejudice** to the filing of an Amended Complaint that meets this criteria, accompanied by either the filing fee or a renewed motion to proceed as a pauper, within 11 days of any order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2008.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy