# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HOMER L. FANCHER,**

**Plaintiff,**

**-vs-** **Case No. 6:08-cv-1240-Orl-18DAB**

**CAPITAL ONE,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 6)** |
| **FILED:** | **August 29, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Amended Complaint be **dismissed.**

As noted in prior Report (Doc. No. 3), upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v.*

*Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id. (quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

The district court dismissed the initial Complaint in this case, finding that it did not allege a non-frivolous cause of action within the Court's limited jurisdiction (Doc. Nos. 3, 4). Plaintiff filed the Amended Complaint (Doc. No. 5), which consists of a listing of account numbers, along with account information such as "minimum payment," credit line, and balances as of certain dates. The only additional allegation reads: "Capital One is charge [sic] me 39.00 for past due fee or late fee or because they want a minimum payment" (Doc. No. 5). The Amended Complaint, in addition to providing sensitive credit information that is best not placed in a public record, fares no better than the original Complaint in that it does not allege a cause of action cognizable in this Court, nor can one be reasonably implied. To the extent the Amended Complaint can be construed as a dispute over a $39 late fee with a credit card company, there is no federal cause of action pled, nor is there a basis to conclude that diversity jurisdiction is appropriate.

As Plaintiff has not pled a cognizable cause of action despite two attempts, and as Plaintiff is well familiar with pleading requirements, based on numerous other complaints filed (and dismissed)

in this district,[1] it is **respectfully recommended** that the motion to proceed *in forma pauperis* be **denied, and the Amended Complaint be dismissed, with prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 5, 2008.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

[1] *See* 6:93-cv-898-GKS (dismissed - pauper motion denied); 6:94-cv-635-PCF (closed for failure to file signed papers); 6:95-cv-730-ACC (dismissed - pauper motion denied); 6:96-cv-745-ACC (dismissed -pauper motion denied); and 6:98-cv-1171 (closed after pauper motion denied).